MEMORANDUM **
Zahid Hussain, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals’ (“BIA”) denial of his motion to reopen removal proceedings (No. 05-70453). Hussain and his wife, Ta-lat, petition for review of the BIA’s denial of their motion to reconsider the denial of Hussain’s motion to reopen (No. 05-71745). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to reopen and reconsider. See Cano-Merida v. INS, 311 F.3d 960, 964 (9th Cir.2002). In No. 05-70453, we deny petition for review, and in No. 05-71745, we deny in part and dismiss in part the petition for review.
In No. 05-70453, the BIA did not abuse its discretion in denying Hussain’s motion to reopen as untimely because he filed it nearly two years after the BIA issued its final order, see 8 C.F.R. § 1003.2(c)(2), and Hussain failed to demonstrate changed circumstances in Pakistan to qualify for the regulatory exception to the time limit for filing motions to reopen, see 8 C.F.R. § 1003.2(c)(3)(h); see also Malty v. Ashcroft, 381 F.3d 942, 945 (9th Cir.2004) (“The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.”). We reject Hussain’s contention that the BIA abused its discretion by failing to consider the evidence submitted with the motion to reopen. See Fernandez v. Gonzales, 439 F.3d 592, 603 (9th Cir.2006). Further, Hussain’s contention that the BIA denied the motion without explanation is not supported by the record.
In No. 05-71745, the BIA did not abuse its discretion in denying petitioners’ motion to reconsider as untimely because it was filed beyond the 30-day time limitation for motions to reconsider. See 8 C.F.R. § 1003.2(b)(2).
Moreover, the BIA did not abuse its discretion in denying the motion to reissue its December 2004 order denying the motion to reopen, and its December 2002 order summarily affirming the immigration judge’s decision. See Singh v. INS, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA’s denial of a motion to reopen shall be reversed if it is “arbitrary, irrational, or contrary to law.”). In particular, the record indicates that the motion to reopen and notice of appearance were filed only in Zahid Hussain’s name, such that the BIA properly noted that Talat Hussain was not a party to the motion. Likewise, the record reflects that the December 2002 summary affirmance was mailed to Talat Hussain’s counsel of record.
Finally, we lack jurisdiction to review the BIA’s refusal to reopen sua sponte. See Ekimian v. INS, 303 F.3d 1153, 1159-60 (9th Cir.2002).
No. 05-70453: PETITION FOR REVIEW DENIED.
No. 05-71745: PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.